# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KRYSTAL FRUTOZ, *individually and as successors in interest to the Estate of Teresa Hagan*,

Plaintiff,

v.

VALLEY CHILDREN'S HOSPITAL, et al.,

Defendants.

Case No. 1:25-cv-00016-JLT-SAB

ORDER DENYING INFORMAL DISCOVERY DISPUTE AND VACATING AUGUST 28, 2026 CONFERENCE

(ECF No. 47)

On August 19, 2026, pursuant to the request of the Plaintiff and Valley Children's Hospital ("VCH"), the Court set an informal discovery dispute conference for August 27, 2026. (ECF No. 44.) For the reasons that follow, the Court will deny the informal discovery dispute and vacate the conference.

The Court offers informal discovery dispute conferences in order to resolve discovery issues outside the formal Local Rule 251 procedures. See Informal Discovery Disputes Procedures for Magistrate Judge Stanley A. Boone. "Before resolving the dispute informally, the parties must agree to the informal process, agree to an entry of an order by the court after the informal video conference, and agree to abide by such order. The Court assumes that parties requesting an informal video conference agree to these terms." Id. Furthermore, "[a] party with a discovery dispute shall first meet and confer with the opposing party in a good faith effort to resolve the dispute without the intervention of the court." Id. Only then should the parties reach

out to the Court to set up an informal discovery dispute conference. See id.

As relevant here, "[t]he parties shall file a joint letter brief, **not to exceed four pages in length, at least 24 hours before the scheduled informal video conference**. The joint letter brief shall describe the parties' 'meet and confer efforts' and provide a synopsis (without exhibits or attachments) of the discovery dispute." (ECF No. 44 (emphasis added).) Moreover, "[t]he failure by any party or counsel to meet and confer in good faith, fails to participate in drafting the joint statement in good faith, fails to timely file the letter brief; and/or fails to appear at the informal video hearing, may results in the imposition of sanctions by the Court." (Id.)

Because the informal discovery dispute conference was set for August 27, 2026, at 10:00 AM, the joint letter brief was due no later than August 26, 2026, at 10:00 AM. At 10:02 AM, Plaintiff filed what was stylized on the docket as a Joint Informal Discovery Dispute Letter Brief. (ECF No. 47.) However, upon review of the filing, under VCH's position, the letter stated: "pending." (Id. at p. 3.) At approximately 3:10 PM, VCH filed a joint brief, which included an explanation regarding the timing of the brief, the meet-and-confer efforts from VCH's view, and an in-depth discussion of discovery issues raised by Plaintiff. (ECF No. 49.) In total, the joint letter brief spanned 15 pages. Once that joint brief was filed, the Court *sua sponte* continued the joint discovery dispute conference to August 28, 2026, in order to be able to sufficiently review the parties' submission and to comply with the 24 hour rule.

Upon review of the joint letter brief, the Court finds that it is both untimely and far exceeds the Court's four-page limit requirement. Furthermore, it is apparent to the Court that the parties did not in fact engage in good faith meet-and-confer efforts on the discovery issues raised before filing the joint letter brief. For example, VCH proffers that it did not receive Plaintiff's portion of the joint letter brief until 12:38 AM on August 26, 2026, despite reaching out to Plaintiff on August 20 and August 25, 2026.

The Court enjoys offering its informal discovery disputes procedure because it allows for the expedient resolution of discovery issues, which keeps cases moving and costs down for the parties. However, this goal can be accomplished only if all parties agree to participate fully with the Court's procedures and in earnest. The Court finds that did not occur here.

Based on the foregoing, the Court DENIES the informal discovery dispute and VACATES the August 28, 2026 conference. (ECF No. 47, 50.) Because it is seemingly necessary, the Court FURTHER ORDERS that Plaintiff and VCH shall participate in a good faith meet-and-confer on these discovery issues for no less than **thirty (30) minutes** via Zoom with cameras on.

Should the parties remain at an impasse, they may again reach out to the Court to set another informal discovery dispute conference. If they choose to do so, the parties shall include in their joint letter brief, under penalty of perjury, that the meet-and-confer ordered above occurred. Furthermore, the parties shall abide by the Court's informal discovery disputes procedures, including that counsel shall provide sufficient time—during business hours—for the drafting and response of the joint letter, which may not exceed four pages.

IT IS SO ORDERED.

Dated: **August 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge